**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Brittany Allen,<br><br>  Plaintiff,<br><br>v.<br><br>Express Facility Management,<br><br>  Defendant. | No. CV-24-00676-PHX-DLR<br><br>**ORDER** |

At issue are two motions filed by Plaintiff Brittany Allen, who is self-represented, seeking the issuance of subpoenas to Defendant Express Facility Management ("Express"). (Docs. 42, 44.)

Ms. Allen alleges that, while employed with Express, she experienced sex- and race-based harassment and discrimination. (*See* Doc. 10.) Following a scheduling conference, the Court issued a scheduling order that set a deadline of November 15, 2024, for the completion of fact discovery. (*See* Doc. 14.) At Ms. Allen's request, the Court later extended the fact discovery deadline to December 15, 2024. (Doc. 32.)

On October 28, 2024, Ms. Allen issued to Express various interrogatories and requests for production of documents. These requests included (1) Express's surveillance camera footage from July 1, 2021 to September 1, 2022, (2) the name/model of Express's surveillance cameras, (3) the name of the company who installed Express's surveillance cameras, (4) the name of the software used to collect footage from Express's surveillance

cameras, (5) written statements from individuals identified as James and Jerica, and (6) a list of all Express's employees between June 2022 to October 2022. (Doc. 45-1.)

In response, Express (1) produced the only surveillance footage of Ms. Allen in its possession and explained that all other video during the period requested was deleted approximately 10 days after its recording per Express's regular retention policy (which Express detailed), (2) disclosed the name/model of its surveillance cameras, (3) explained that it installed its own cameras, (4) provided the name of the software used to collet footage from its surveillance cameras, (5) stated that there are no existing written statements by James and Jerica, and (6) provided a list of Express's directors and members of management employed from July 18, 2022 to August 18, 2022. (*Id.*)

On December 30 and December 31, 2024—roughly two weeks after the close of fact discovery—Ms. Allen filed the two motions at issue. These motions ask the Court to issue subpoenas to Express for the same information discussed above, which Ms. Allen already sought in her interrogatories and requests for production of documents.

Ms. Allen's motions are denied because they are procedurally improper. "Although most courts hold that a subpoena duces tecum may be served on another party, it cannot be used to circumvent Rule 34 or the other discovery rules." *McCall v. State Farm Mutual Auto. Ins. Co.*, 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017). This includes using a subpoena under Federal Rule of Civil Procedure 45 to circumvent meet and confer requirements. *See Marten v. Haire*, 329 F.R.D. 256, 260 (D. Mont. 2018). Such is the case here. The Court's scheduling order is clear:

> When the parties have a dispute that could properly be addressed pursuant to Rule 26(c) or 37(a), they shall not file written motions. If a discovery dispute arises and cannot be resolved despite sincere efforts through personal consultation, the parties shall call the Court's Judicial Assistant, Michele Morgan, at (602) 322-7530, to set a telephonic conference and certify compliance with Rule 37(a)(1). If the parties believe it would assist the Court, the parties may file a joint statement of the dispute, not to exceed 3 pages, one and one-half page per side. The joint statement may be single-spaced. The purposes of the joint statement are to provide the Court with information about the dispute which may be difficult to succinctly describe to the Court over the phone, and to make a record of the discovery sought. If a party contends that the discovery of ESI

> should be disallowed or limited due to undue burden or expense, it must file an affidavit of an expert describing the burden and estimating the expense that would be incurred. A discovery motion may be filed only after the parties have discussed the discovery dispute with the Court and the Court has authorized the filing of a discovery dispute motion.

(Doc. 14 at 3.) If Ms. Allen has a good-faith basis to believe that Express did not adequately respond to her interrogatories and requests for production of documents, she must follow this procedure to present the discovery dispute to the Court. She cannot evade the meet-and-confer requirements or the Court's limitations on written discovery motions by transplanting her interrogatories and requests for production of documents into a Rule 45 subpoena.

What's more, the Court's scheduling order explains:

> Absent extraordinary circumstances, the court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

(*Id.*) Ms. Allen's motions were filed over two weeks after the close of fact discovery, and she has not identified extraordinary circumstances excusing her delay in following the Court's procedures for raising discovery disputes. For these reasons,

**IT IS ORDERED** that Ms. Allen's motions for the issuance of subpoenas (Docs. 42, 44) are **DENIED**. Nothing in this order, however, prevents Ms. Allen from raising a discovery dispute with the Court pursuant to the procedures outlined in Paragraphs 6(a) and (c) of the Scheduling Order (Doc. 14) if she has a good-faith basis to believe that Express has not adequately responded to her written discovery requests.

Dated this 31st day of January, 2025.

Douglas L. Rayes
Senior United States District Judge