**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Brittany Allen,

            Plaintiff,

v.

Express Facility Management,

            Defendant.

No. CV-24-00676-PHX-DLR

**ORDER**

Before the Court is Defendant Express Facility Management's ("EFM") motion for summary judgment (Doc. 52), which is fully briefed (Docs. 61, 62). For the following reasons, the Court grants the motion.

## I.    Background

On December 27, 2023, Plaintiff Brittany Allen sued EFM in state court alleging she experienced discrimination, harassment, sexual harassment, and retaliation during her employment at EFM. (Doc. 1-1 at 2, 4-5.) On March 27, 2024, EFM filed a notice of removal in this Court, alleging both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 2-3.)  EFM now moves for summary judgment. (Doc. 52.)

## II.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party,

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d. 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256-57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

- 2 -

## III.    Analysis

To withstand the motion for summary judgment, Allen must point to specific facts showing that there is a genuine issue for trial. In her Response (Doc. 61), Allen merely alleges she "experienced multiple bouts of racism, harassment, and sexual harassment" during her employment with EFM. (Doc. 61.) But the Response itself is not evidence, and Allen proffers no evidence controverting EFM's motion, as required by Rule 56. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). "The court need consider only the cited materials" in the briefings. Fed. R. Civ. P. 56(c)(3); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting it is not the court's task "to scour the record in search of a genuine issue of triable fact," but rather, the court relies "on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." (citations omitted)). Accordingly, under Rule 56(e)(2), the Court deems EFM's facts as undisputed for the purposes of its motion and will proceed to determine if EFM has demonstrated it is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(e)(3).

To establish both her sexual harassment and generalized harassment claims, Allen must show "(1) the existence of a hostile work environment to which the plaintiff was subjected, and (2) that the employer is liable for the harassment that caused the hostile environment to exist." *Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir. 2006) (citation omitted). Further, to satisfy the first element of the sexual harassment claim, Allen must show that "(1) she was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) this conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* (quotation omitted). The "working environment must both subjectively and objectively be perceived

as abusive, and the objective analysis is done from the perspective of a reasonable woman." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017) (internal quotation marks omitted). Because Allen has proffered no evidence to the Court and EFM's evidence demonstrates the absence of a hostile work environment, Allen has not shown there is a material question of fact for trial. EFM is therefore entitled to summary judgment on Allen's sexual harassment and harassment claims.

Likewise, to demonstrate a discrimination claim, Allen must establish a prima facie case of discrimination. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). To do so, Allen "must offer evidence that give[s] rise to an inference of unlawful discrimination, either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent." *Id.* (internal quotation marks omitted). Under *McDonnell Douglas*, unlawful discrimination is presumed if Allen can show that "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Id.* n.5 (quotation omitted). Otherwise, Allen must offer direct evidence "which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Id.* (quotation omitted). Because Allen has produced no evidence to the Court, and EFM's evidence reveals neither discriminatory animus nor that the *McDonnell Douglas* requirements are met, EFM is entitled to judgment on this claim.

**IT IS ORDERED** that EFM's motion for summary judgment (Doc. 52) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 15th day of September, 2025.

Douglas L. Rayes
Senior United States District Judge